UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

INCONTACT, INC.,

               Plaintiff,

      v.

TACTICAL DIGITAL CORPORATION, THE WISH GROUP, INC., and WISH COLLABORATION, INC.,

               Defendants.

Civil Action No.

---

## COMPLAINT

Plaintiff inContact, Inc. ("inContact"), by its attorneys N. Read & Co. PLLC, brings this breach of contract action against Defendants Tactical Digital Corporation ("Tactical Digital"), The Wish Group, Inc. ("Wish Group"), and Wish Collaboration, Inc. ("Wish Collaboration"), and alleges as follows:

### NATURE OF THE CASE

1.     inContact is an indirect subsidiary of NICE Ltd., a publicly traded enterprise software company, whose software is used for customer experience, regulatory compliance, and financial crime prevention.  inContact helps contact centers around the world create profitable customer experiences through a powerful portfolio of cloud-based call center solutions under the umbrella of CXone, its call center as a service (CCaaS) platform (the "Services").  In addition to providing Services directly to its own customers, inContact has a network of resellers with whom it partners.

2. Tactical Digital became a reseller of inContact's Services pursuant to the Non-Exclusive Sales Partner Agreement effective February 15, 2016, and Amendments 1 and 2 to that Agreement, also effective February 15, 2016 (collectively, the "Agreement").

3. Tactical Digital's customers used inContact's Services, and thus inContact tracked the software and connectivity usage and charges associated with the Services purchased by each Tactical Digital customer. InContact included the details of the usage of the Services by Tactical Digital's customers on the invoices to Tactical Digital. Although inContact's invoices to Tactical Digital reflect such usage details, the Agreement unconditionally requires Tactical Digital to pay inContact's invoices. In other words, Tactical Digital's payment obligation to inContact was not contingent upon Tactical Digital billing or collecting from any of its own customers in connection with their usage of the Services.

4. For the first few years following the execution of the Agreement, Tactical Digital had a small number of customers and incurred relatively modest charges from inContact, with monthly bills ranging from approximately $6,000 to $10,000. During this time, Tactical Digital remained current on its payment of invoices from inContact.

5. In or about 2019, Tactical Digital was purchased by Wish Group and/or Wish Collaboration (Wish Group and Wish Collaboration are collectively referred to herein as the "Wish Companies"). As a result of this transaction, upon information and belief, Tactical Digital became a wholly owned subsidiary of the Wish Companies, and those companies began to exercise complete control over Tactical Digital, including in its business with inContact.

6. Wish Group and Wish Collaboration share an address and management team: Frank Cianciulli is the CEO of both Wish Companies, Steve Niven is the President and COO of

Wish Group and the Director of Wish Collaboration, and Steve Zhou is the Vice President of Finance of Wish Group and the CFO of Wish Collaboration.

7. The Wish Companies have operated and controlled Tactical Digital since they acquired the company in or about 2019. Indeed, the websites for both Wish Group and Wish Collaboration list Tactical Digital as a division. Messrs. Cianciulli and Niven, the CEO and COO, respectively, of Wish Group, are also the CEO and COO of Tactical Digital, roles they have continuously held since 2019. For several years, Messrs. Cianciulli and Niven were the only officers or directors of Tactical Digital.

8. As a practical matter, Tactical Digital has not had any independent legal significance since the Wish Companies acquired it. Tactical Digital is, in reality, simply a business unit of the Wish Companies. As a result, the Wish Companies are responsible for Tactical Digital's actions, including its business with inContact.

9. Under the Wish Companies' control, Tactical Digital significantly expanded its business with inContact, adding customers and, in turn, usage of the Services. Tactical Digital's monthly invoices grew to double their prior levels in the average month, with some months reaching over $40,000—seven times the amount due under invoices from before the Wish Companies started running Tactical Digital.

10. In or about early 2022, Tactical Digital landed as a customer the New York City Human Resources Administration (the "NYC HRA"), the nation's largest city social services agency, which had substantial call center needs. Adding NYC HRA as a customer massively increased Tactical Digital's business with inContact: with set-up costs and usage, NYC HRA accounted for $677,254.06 in billing from inContact to Tactical Digital, and invoices for the

3

following months ranged from $250,000 to $480,000.  Services provided to NYC HRA regularly accounted for 90% of the business Tactical Digital did with inContact each month.

11. Unfortunately, the addition of the NYC HRA also resulted in Tactical Digital beginning to default on its payment obligations under the Agreement.  Over the course of 2022, Tactical Digital made substantial payments to inContact, but its account was never current.  By March 2023, Tactical Digital's past due balance to inContact was $3,041,586.74.  inContact demanded immediate payment in full and advised Tactical Digital of its intent to terminate the Agreement.  inContact also advised that its obligation to provide Services to Tactical Digital had ended and that it would provide those services to Tactical Digital's customers either directly or through a new reseller, at inContact's sole discretion.

12. inContact formally terminated the Agreement on May 9, 2023.  The transition of Tactical Digital's customers to other resellers was complete by the end of June 2023.  As of July 1, 2023, Tactical Digital owed inContact $4,135,860.67.

13. Section 6.1 of the Agreement calls for 1.5% interest on overdue amounts.  That Section also obligates Tactical Digital to pay inContact's reasonable legal fees and other costs of collecting past due amounts.

14. At present, inContact is owed $4,724,016.50 plus reasonable attorneys' fees and costs of collection.  The Wish Companies are liable for this amount because they controlled Tactical Digital throughout the time that Tactical Digital failed to pay its obligations to inContact.

## PARTIES, JURISDICTION, AND VENUE

15. inContact is a Delaware corporation with a principal place of business in Utah.

16. Tactical Digital is a Virginia corporation with a principal place of business in Virginia.

17. Wish Group is organized under the law of Ontario, Canada, and has its principal place of business at 2800 Skymark Avenue, Suite 501, Mississauga, Ontario.

18. Wish Collaboration is organized under the law of Ontario, Canada, and has its principal place of business at 2800 Skymark Avenue, Suite 501, Mississauga, Ontario.

19. This Court has jurisdiction over this action under 28 U.S.C. § 1332(a)(3) because it involves citizens of different states and citizens of Canada.

20. Personal jurisdiction over Tactical Digital is appropriate here under N.Y. CPLR § 302(a)(1) because under the Agreement, Tactical Digital resold inContact's goods and services to NYC HRA, but failed to pay inContact for those good and services.  Accordingly, this case arises in significant part from Tactical Digital's conduct of business with inContact and the NYC HRA in New York.

21. Wish Group and Wish Collaboration operated and controlled Tactical Digital and thus are also subject to personal jurisdiction in New York through their own direct actions and because they used Tactical Digital as their alter ego, dominating and controlling it to such an extent that, as a practical matter, it no longer had a separate corporate existence.

22. inContact's claims are largely based on Tactical Digital's business with NYC HRA and failure to pay inContact for that business.  The headquarters of NYC HRA are in Manhattan, and it has field offices in Manhattan and the Bronx (as well as the other boroughs). Accordingly, a substantial part of the events and omissions at issue occurred in the Southern District of New York.

23. Further, throughout its relationship with Tactical Digital, inContact received payments at a bank account in Manhattan.  The failure to make payments to that account is the central issue in this action.

## FACTS

**A.     The Agreement**

24.     Tactical Digital and inContact entered into the Agreement as of February 15, 2016; when the parties signed the main agreement, they also signed Amendments 1 and 2 thereto.  As relevant here, the Agreement gave Tactical Digital the right to resell inContact's Services to Tactical Digital's customers.

25.     Under Section 6.1 of the Agreement, Tactical Digital was required to pay inContact's invoices within 45 days of the date of each invoice.  This Section also provides for interest of 1.5% per month on overdue amounts and requires Tactical Digital to pay inContact's reasonable legal fees and other costs incurred in order to collect any past-due amounts.

26.     Section 6.5 of the Agreement gave Tactical Digital 30 days after receipt of any inContact invoice to submit "a written, valid invoicing dispute" to inContact.  Tactical Digital has not disputed any of the invoices inContact seeks to collect in this action.

27.     Section 15.6 of the Agreement provides that it is governed by Delaware law, without regard to its choice of law principles.

28.     The Agreement gives inContact certain rights in the event of payment defaults.  Under Section 16.6, inContact has the right to terminate or suspend communications services provided under the Agreement if any payment is delinquent by more than 30 days.  Section 16.2(a) gives inContact the right to terminate the Agreement in its entirety where Tactical Digital fails to cure a material breach within 30 days of notice of such breach.  Upon termination of the Agreement, Tactical Digital's right to resell any inContact products or services "shall immediately cease."  Agreement § 16.7.

### B.    The Wish Companies Acquired And Controlled Tactical Digital

29.    In or about 2019, either or both Wish Companies acquired Tactical Digital. Although the websites for both Wish Group and Wish Collaboration state that the acquisition was completed in 2019, the 2018 annual report for Tactical Digital filed with the State Corporation Commission for the Commonwealth of Virginia (which was dated June 28, 2019), reflects a change in the company's principal office address from a residence in Virginia to what appears to be a warehouse in Houston, Texas.

30.    The Texas address for Tactical Digital is also listed as a U.S. address for Momentum Conferencing, another division of the Wish Companies.  Mr. Niven and Mr. Cianciulli—executives at the Wish Companies and Tactical Digital—are both listed as the "Founder & CEO" of Momentum Conferencing on its website.

31.    The 2018 Tactical Digital annual report also reflects the replacement of the company's directors and principal officers with Frank Cianciulli as CEO and Scott Niven as COO.  Mr. Cianciulli is the founder and CEO of both Wish Group and Wish Collaboration, and Mr. Niven is the President and COO of Wish Group and the Director of Wish Collaboration.  Mr. Niven signed the 2018 annual report.

32.    The 2019 and 2020 annual reports for Tactical Digital also list Messrs. Cianciulli and Niven as the company's sole directors and principal officers.  Those reports also list the warehouse in Houston—also Momentum Conferencing's address—as the company's principal office address.

33.    Tactical Digital's annual reports for 2021, 2022, and 2023 also list Messrs. Cianciulli and Niven as the company's sole directors and principal officers.  Those filings also list Daniel Bradley as a "manager" of the company but make clear that Mr. Bradley is not a

director of Tactical Digital. These annual reports list a post office box in Virginia as Tactical Digital's principal office and the address for Mr. Bradley.

34. The Wish Group's website lists Mr. Bradley as a point of contact for Tactical Digital, stating that he "manages customer and vendor communications as well as operations" for the company. This description is consistent with inContact's interactions with Mr. Bradley: he was a staff member or middle manager, not an executive or decision maker for Tactical Digital. Executives of the Wish Companies controlled Tactical Digital, not Mr. Bradley.

C. **Tactical Digital Stops Paying inContact Under the Direction and Control of the Wish Companies**

35. Through December 2021, Tactical Digital was generally current on its invoices from inContact.

36. The substantial usage and accompanying invoices associated with NYC HRA changed that completely.

37. From February 2022 through April 2023, inContact billed Tactical Digital nearly $5 million stemming from Services provided to NYC HRA. Although Tactical Digital made certain payments on its invoices (which also included the much smaller amounts associated with Tactical Digital's other customers), the company also built up a substantial outstanding account receivable.

38. inContact raised Tactical Digital's failure to pay its invoices in calls and other communications in or before early March 2023. Although Tactical Digital made a modest payment on March 2, 2023, even after that payment was made, the company still owed inContact over $3 million.

39. In one or more communications with inContact regarding Tactical Digital's payment default in or about March 2023, Mr. Bradley, a manager at Tactical Digital, referred

8

inContact to employees of the Wish Companies as the decision makers on the matter. In particular, Mr. Bradley described Bryan Squire, the President of Wish Collaboration, as *his* manager.

40. Mr. Bradley also listed Messrs. Zhou and Cianciulli as potential contacts regarding Tactical Digital's payment obligations under the Agreement. Mr. Zhou is the CFO of Wish Collaboration and the Vice President of Finance of Wish Group. Mr. Cianciulli is, of course, the CEO and Founder of both Wish Collaboration and Wish Group.

41. Mr. Bradley made clear to representatives of inContact that he was not the decision maker for Tactical Digital. Rather, executives of the Wish Companies were the ones who decided whether or not Tactical Digital would meet its obligations under the Agreement.

42. Unfortunately, those Wish Company executives (Messrs. Cianciulli, Squire, Zhou, and Nivin) did not ensure that Tactical Digital met its obligations. Indeed, Tactical Digital has not made any payments to inContact since early March 2023.

43. On March 15, 2023, inContact sent a formal notice of material breach of the Agreement specifying that Tactical Digital had failed and refused to pay inContact invoices within the 45-day payment terms period. inContact advised that, to avoid service disruptions and facilitate the orderly processing of orders, it was proceeding with the orderly process of transferring Tactical Digital customers to Services provided directly by inContact or indirectly through a different reseller in good standing. At that point, Tactical Digital owed $3,041,586.

44. An attorney in Florida responded informally to the March 15 letter. But Tactical Digital did not make any payments or tender any other form of performance under the Agreement.

45.     Accordingly, on May 9, 2023, inContact sent a formal notice to Tactical Digital advising that the Agreement was terminated as a result of Tactical Digital's payment default.

46.     To avoid service disruptions, and as a result of certain technological and administrative issues, certain Services continued to be provided to Tactical Digital's customers for a short time after the Agreement was terminated.  Tactical Digital is obligated to pay for those services (and it had the ability to bill its customers for them as well).

47.     Tactical Digital never submitted a billing dispute regarding any of the inContact invoices at issue in this action.

48.     To date, with interest, the amount payable to inContact under the Agreement is $4,724,016.50.

## CAUSE OF ACTION
## BREACH OF CONTRACT
## AGAINST ALL DEFENDANTS

49.     inContact repeats and realleges the allegations in paragraphs 1 through 48, as if fully set forth herein.

50.     The Agreement is a valid written contract governed by Delaware law.

51.     Tactical Digital had payment obligations under the Agreement arising out, among other things, the provision of Services to Tactical Digital's customers and interest owed for overdue amounts.

52.     inContact performed all of its obligations under the Agreement.  Neither Tactical Digital nor any of its customers objected to the Services provided.  Tactical Digital never provided any written objections to any of the unpaid invoices at issue.

53.     inContact has suffered substantial economic damages as a result of Tactical Digital's breach of the Agreement.  Those damages are at least $4,724,016.50.  Under the

Agreement, Tactical Digital must also pay inContact's attorneys' fees and other costs of collection.

54. Wish Group and Wish Collaboration dominate Tactical Digital such that Tactical Digital no longer has any legal or independent significance of its own. The only officers and directors of Tactical Digital are senior executives at the Wish Companies. Both Wish Companies list Tactical Digital as a business unit of each company on each of their respective websites.

55. When inContact raised Tactical Digital's defaults under the Agreement, it was referred to executives of Wish Group and Wish Collaboration as the decision makers regarding Tactical Digital's performance. But those executives failed to ensure that Tactical Digital met its obligations under the Agreement. Indeed, upon information and belief, the executives of the Wish Companies caused Tactical Digital to bill and collect from its customers—including the NYC HRA—and to remit the proceeds to the Wish Companies without paying inContact what it was owed under the Agreement.

56. Accordingly, the domination of Tactical Digital by the Wish Companies directly contributed to the economic harm suffered by inContact.

**PRAYER FOR RELIEF**

**WHEREFORE**, inContact respectfully requests judgment against Tactical Digital, Wish Group, and Wish Collaboration as follows:

a. Awarding inContact damages for Defendants' breach of contract in an amount to be determined at trial, but not less than $4,724,016.50, which includes interest to date payable under the Agreement;

b. Ordering Defendants to pay inContact's reasonable attorneys' fees and other costs of collection; and

    c. Awarding such other, further, and additional relief as the Court deems just and appropriate.

Dated: April 16, 2024
New York, New York

                                    N. READ & CO. PLLC

                                    By: /s Nathaniel P. T. Read

                                    Nathaniel P. T. Read
                                    nread@readandco.com

                                    260 Madison Ave. 16th Floor
                                    New York, NY 10016
                                    Phone: (212) 750-3771

                                    *Counsel for Plaintiff inContact, Inc.*